Dear Mr. Butler:
This office is in receipt of your request for an opinion in regard to local regulation of trains traveling through the parish, in particular, limiting the time a train may block roads and access. You indicate that the Parish Ordinance now prohibits more than five minute obstructions at railway crossings, and requires at least three minutes between obstructions. Inasmuch as Jefferson Parish would like to impose time limits upon trains for blocking roads, you would like reconsideration of Atty. Gen. Op. No. 96-288 in light of CSX Transportation, Inc. v. City ofPlymouth, 86 F.3d 626 (6th Cir. 1996) that was rendered subsequent to that opinion. With attention to this court decision you ask for an Attorney General Opinion on the following questions:
 1) Can a ordinance on time limits for trains be enforced;
 2) Must such a restriction be from the State Department of Transportation;
 3) Can a Jefferson Parish Ordinance on time limits fit within the exceptions to the Federal Railway Safety Act; and,
 4) If so, what are the proper procedural steps which must be followed.
In CSX Transportation, Inc. v. City of Plymouth, supra, the Plymouth ordinance prohibited trains from obstructing free passage of any street for longer than five minutes and further required five minutes between obstructions. In adjudicating the validity of the ordinance the Court stated as follows:
 The Supremacy Clause of Art. VI of the Constitution provides Congress with the power to pre-empt state law. Pre-emption occurs when Congress, in enacting a federal statute, expresses a clear intent to pre-empt state law, when there is outright or actual conflict between federal and state law, where compliance with both federal and state law is in effect physically impossible, where there is implicit in federal law a barrier to state regulation, where Congress has legislated comprehensively, thus occupying an entire field or regulation and leaving no room for the States to supplement federal law, or where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress.
It was then concluded:
 Congress expressly intended that the FRSA preempt all railroad safety legislation except state law governing an area in which the Secretary of Transportation has not issued a regulation or order and state law more strict than federal regulations when necessary to address local problems. 49 U.S.C. § 20106.
It was then noted the exception applies only to a state law, and, as Plymouth is not a state, the ordinance is not within the FRSA's preemption clause exception.
In answer to Plymouth's contention that the ordinance was not preempted because its purpose was to promote general welfare of its residents and not directed toward railway safety, the court found neither the intended purpose of the ordinance nor the lack of reference to railroad safety in the ordinance would preclude a finding that the ordinance is "related to" railroad safety because the ordinance has a connection with railroad safety. To prevent blockage the court found it would require shorter trains which would require using more trains, or faster trains, and, in any light, this is related to increase in accidents and railroad safety.
In Atty. Gen. Op. No. 96-288 it was reasoned that restricting the time a railroad may block road access was not a safety feature except insofar as it may be indirectly relative to preventing obstruction of emergency traffic, but was basically a regulation of traffic on public roads which is within the authority of both municipalities and parishes. Noting that under certain circumstances the court has found this did not interfere with interstate commerce, it was not found to be in conflict with the authority of the Secretary of Transportation under 49 U.S.C. § 20103. Therefore, it was concluded that "the Parish Police Jury would have authority to pass an ordinance restricting obstruction of roads by railroads as long as it does not constitute an interference with commerce."
Thus, it can be seen that the reasoning in Atty. Gen. Op. No 96-228 that this was not a railroad safety regulation is essentially the same argument as that offered in the CSXTransportation case and was rejected by the Federal Court upon the finding it was related to the preempted field. Therefore, the conclusion of Atty. Gen Op. No. 96-288 is contrary to the subsequent holding of the United States Court of Appeals for the Sixth Circuit, and we feel we must defer to the reasoning of the Court as guidance herein.
Therefore, the earlier opinion is recalled and we find an ordinance cannot be enacted that limits the time a train can block roadways of the Parish as the field is preempted by federal law.
In regard to your question if such a restriction must come from the State Department of Transportation, we do not find provision in state law for this.
R.S. 48:389 provides under FRSA that the Department of Transportation and Development is authorized to establish "speed restrictions" on railroads within the corporate limits of a municipality upon written request of the governing authority of the municipality, and public hearing. By Act 983 of 1990 this includes the governing authority having territorial jurisdiction over the Old Metairie Railroad Corridor. However, as noted herein this is "to establish speed restrictions for railroad traffic", and as observed by the court in the CSX Transportation
case, to limit the time an intersection may be blocked would require shorter trains and consequently more trains, or greater speed. Therefore, speed limits are not relevant to correcting the problem of trains obstructing public roads, and this is the only authority bestowed upon the Department of Transportation.
The CSX Transportation case answers the inquiry if the Jefferson Parish ordinance fits within the exception to the Federal Railway Safety Act in the negative. The court noted that FRSA preempted all railroad safety legislation except state law governing an area in which the Secretary of Transportation has not issued a regulation or order and when state law more strict than federal regulations is necessary to address local problems. It was then observed, "These exceptions apply only to a `state * * * law, regulation, or order' 49 U.S.C. § 20106. As Plymouth is not a `state' the challenged Plymouth ordinance is not within the FRSA' a preemption exceptions."
Therefore, we have concluded that a parish ordinance regulating time limits for obstructing public roads is not valid, nor does our statutory law provide for recourse through the State Department of Transportation as it is only to establish speed restrictions. The state legislature may adopt or continue in force "a law, regulation or order related to railroad safetyuntil the Secretary of Transportation prescribes aregulation or issues an order covering the subject matter of the State requirement." (Emphasis added.) The Federal Court in the CSX Transportation case, supra, in response to CSX's argument that the ordinance is preempted because regulations have been promulgated in the precise areas in which the ordinance attempts to regulate, stated that an analysis under the FRSA preemption clause "requires only a finding that the challenged legislation is `related to railroad safety,' not that the challenged legislation compels violation of or mirrors regulations promulgated under the authority of the FRSA". It was then concluded, "As the Plymouth ordinance is `related to railroad safety', it is expressly preempted by the FRSA."
Our research has not disclosed any jurisprudence on a similar issue to the question you present except the GSXTransportation case. While our earlier conclusions may have differed from that of the court in the CSXTransportation case, under that jurisprudence we must conclude now that the parish ordinance attempting to limit blocking public roads is "related to railroad safety" and this is expressly preempted by the FRSA. By this conclusion, we realize the Parish governing authority's only recourse is with the Secretary of Transportation for an order covering the subject matter which may be difficult inasmuch as FRSA provides laws, regulations and orders related to railroad safety shall be "nationally uniform to the extent practicable".
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: October 20, 1997 Date Released:
BARBARA B. RUTLEDGE Assistant Attorney General